IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SUZIE ZUPAN and PAUL ZUPAN,

    Plaintiffs,

  v.

CALIFORNIA DEPARTMENT OF CORPORATIONS, PRESTON DEFAUCHARD, JOHN DREWS, MARC VALLE, JAMES WALL, HOWARD GORE, LEONARD RIFKIND, POSIE CONKLIN and MARK MOSLEY,

    Defendants.

                                         /

No. 09-01014 CW

ORDER DENYING MOTION TO REOPEN CASE AND TO FILE AMENDED COMPLAINT

Plaintiffs Suzie and Paul Zupan, husband and wife, move to reopen their case and file an amended complaint against Defendants John Drews and Marc Valle, employees of the California Department of Corporations (CDOC). Defendants Drews and Valle oppose the motion. The motion was taken under submission on the papers. Having read all the papers filed by the parties, the Court denies Plaintiffs' motion.

PROCEDURAL BACKGROUND

I. State Court Actions

On March 9, 2009, Plaintiffs filed this civil rights action against state and non-state actors which arose from three

underlying state proceedings. One proceeding was a civil action brought by Plaintiffs against investors in Plaintiffs' businesses, the Latitude Capital Management High Income Fund, LLC and the Latitude Capital Management Strategic Income Fund (together, LCM). The second was a civil action brought by the investors against Plaintiffs' businesses. The third state action was an administrative proceeding brought by the CDOC regarding the investors' allegations that Plaintiffs were improperly managing their businesses. On December 12, 2008, in the administrative proceeding, the CDOC ruled against Plaintiffs, revoking LCM's business licenses and Plaintiffs' individual certifications as investment advisor representatives and barring them from holding any position of employment, management or control of any finance lender, broker, investment adviser, broker-dealer or commodity adviser. On March 2, 2009, Plaintiffs filed in state superior court a petition for a writ of administrative mandamus setting aside the December 12, 2008 CDOC decision. On May 20, 2010, judgment was entered denying Plaintiffs' petition for a writ of administrative mandamus. On July 2, 2010, Plaintiffs filed an appeal of the superior court's decision in the California court of appeal. This appeal is still pending. See <u>Zupan, et al. v. California Department of Corporations</u>, California Appellate Court case number A128948.

II. Federal Action

All Defendants named in Plaintiffs' original complaint filed motions to dismiss. On February 10, 2010, the Court granted Defendants' motions to dismiss and ordered that the case be

administratively closed pending the resolution of state court proceedings. The Court made the following rulings relevant to the pending motion to reopen the case.

The Court found that the state court proceedings came within the meaning of the Younger doctrine, which requires a federal court to abstain from adjudicating a case where there is an ongoing state judicial proceeding which implicates an important state interest and which provides a full and fair opportunity for the plaintiffs to litigate their federal claims. See February 10, 2010 Order at 11-15 (citing Younger v. Harris, 401 U.S. 37 (1971)). Under Younger, the Court dismissed Plaintiffs' claims for injunctive and declaratory relief and stayed the claims for damages.

The Court found that the Rooker-Feldman doctrine, which bars federal courts from adjudicating challenges to state court decisions, did not bar Plaintiffs' claims because Rooker-Feldman does not apply to a decision of a state agency like the CDOC, which was at issue in Plaintiffs' original complaint. See February 10, 2010 Order at 10-11 (citing Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476, 482-83 (1983)). The Court noted, however, that the Rooker-Feldman doctrine might bar Plaintiffs' claims once the state court issued its decision in the mandamus action.

The Court also found that the allegations in Plaintiffs' complaint were insufficient to state any constitutional claims. In regard to their due process claims, the Court noted that "assuming that Plaintiffs have alleged a property interest in their business

3

licenses, they have failed to allege what process was due to them that they did not receive." February 10, 2010 Order at 22. The Court administratively closed the case, permitting Plaintiffs to file a motion to reopen it within thirty days after the state court issued its judgment in the mandamus action. The Court noted that, if Plaintiffs were permitted to file an amended complaint, they could only add allegations remedying the deficiencies in their claims for damages against Drews and Valle.

DISCUSSION

Plaintiffs filed this motion to reopen their case within thirty days of the issuance of the superior court judgment in the mandamus action and submitted an amended complaint which they state is in compliance with the Court's February 10, 2010 Order.

Plaintiffs' amended complaint alleges that Drews and Valle, in their individual capacities and in their official capacities as CDOC employees, initiated, conducted or directly oversaw the investigation and disciplinary process regarding allegations from investors that Plaintiffs were fraudulently taking money belonging to the LCM High Income Fund, improperly managing that company and improperly and illegally claiming management control of it. Plaintiffs further allege that no evidence of such illegal activity was found but that Drews and Valle constructed "claims based on unrelated allegations in order to support a disciplinary action, and did prosecute such disciplinary action in order to appease the complaining investors." Plaintiffs allege that Drews appeared as a witness for the investors in their civil action against LCM and advocated for the appointment of a court-ordered receiver.

4

Plaintiffs also allege that Drews and Valle improperly assisted the investors' prosecution and defense of the civil actions by communicating with the receiver, making false statements about Plaintiffs, and communicating and publishing confidential records and information about Plaintiffs to the investors. Plaintiffs allege that Drews' and Valle's improper conduct caused Plaintiffs to lose their employment and businesses. Based on these allegations, Plaintiffs assert that Drews and Valle have violated their Fourteenth Amendment right to due process.

Because Plaintiffs have appealed the superior court's judgment denying their petition for a writ of mandamus, their state case is ongoing. Therefore, the Younger doctrine still applies and requires that this Court abstain from adjudicating Plaintiffs' amended complaint. On this basis, the Court denies the motion to re-open the case. The case, therefore, remains administratively closed, and Plaintiffs may move to reopen it once the state proceedings are concluded.

However, the Court notes that in the February 10, 2010 Order, it stated that the Rooker-Feldman doctrine, which bars federal jurisdiction over state court decisions, might preclude the Court's jurisdiction over Plaintiffs' case once it was adjudicated by the state court. Therefore, if Plaintiffs decide to file a motion to reopen after the conclusion of state proceedings, they must address why the Rooker-Feldman doctrine would not preclude federal jurisdiction over their case. Further, the Court notes that Plaintiffs' amended complaint fails to remedy the deficiency noted in the February 10, 2010 Order which explained that the due process

claim did not allege what process was due to them that they did not receive.

CONCLUSION

For the foregoing reasons, Plaintiffs' motion to reopen this case and to file an amended complaint is denied. The case remains administratively closed.

IT IS SO ORDERED.

Dated: 3/3/2011

CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

SUZIE ZUPAN et al,

        Plaintiff,

v.

CALIFORNIA DEPT OF CORPORATIONS et al,

        Defendant.

Case Number: CV09-01014 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 3, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Paul Zupan
P.O. Box 1028
Sausalito, CA 94966

Suzie Zupan
P.O. Box 1028
Sausalito, CA 94966

Thomas Chester Taylor
Rifkind Law Group
100 B Drakes Landing Road
Suite 260
Greenbrae, CA 94904

Dated: March 3, 2011

        Richard W. Wieking, Clerk
        By: Nikki Riley, Deputy Clerk